**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No: 9:17-cv-81070-BLOOM/Reinhart

HARRY SARGEANT, III,

    Plaintiff,

    vs.

MAROIL TRADING, INC., SEA PIONEER
SHIPPING CORPORATION, WILMER
RUPERTI PEDROMO, DANIEL SARGEANT,
DANIEL HALL, and ANDREW PRESTON,

    Defendants,

    and

LATIN AMERICAN INVESTMENTS, LTD.,

    Intervenor.

_____/

**DEFENDANT DANIEL HALL'S MOTION FOR DETERMINATION OF**
**ENTITLEMENT TO COSTS PURSUANT TO RULE 41(D) AND INCORPORATED**
**<u>MEMORANDUM OF LAW</u>**

Defendant Daniel Hall, by and through his attorneys, respectfully moves for a

determination that he is entitled to costs, including attorneys' fees, from plaintiff Harry Sargeant,

III ("HS3" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 41(d).

**PRELIMINARY STATEMENT**

On May 30, 2018, in the above-titled action ("Federal Action"), Magistrate Judge Bruce

Reinhart issued a Report and Recommendation ("R&R") (ECF No. 191) recommending that

HS3's claims against Mr. Hall be dismissed.  HS3 then elected to voluntarily dismiss all the

claims in his Second Amended Complaint in this case ("SAC") pursuant to Rule 41(a)(1)(A)(i).

1

ECF No. 196.  Three weeks later, HS3 commenced a substantially similar lawsuit against the

same defendants in Florida state court in the Circuit Court of the Fifteenth Judicial Circuit.  *See*

*Harry Sargeant, III v. Daniel Sargeant, et al.*, Case No. 50-2018-CA-007932-XXXX-MB (filed

June 21, 2018) ("State Action," Complaint attached as Ex. A).  HS3's complaint in the State

Action is identical in nearly all material respects to the SAC except that he chose to drop his

claims under the federal Computer Fraud and Abuse Act ("CFAA"), presumably to defeat

removal jurisdiction, and he altered some of his factual allegations.  Rule 41(d) of the Federal

Rules of Civil Procedure is intended to apply to precisely this situation, permitting the court to

"order the plaintiff to pay all or part of the costs of that previous action" to compensate

defendants where the refiled action is "based on or including the same claim against the same

defendant."  Fed. R. Civ. P. 41(d).  The Court should do so here.

## LEGAL STANDARD

Rule 41(d) provides as follows:

> **Costs of a Previously Dismissed Action.**  If a plaintiff who previously dismissed an
> action in any court files an action based on or including the same claim against the same
> defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that
> previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).  A party moving for costs under Rule 41(d) must show the following: (1)

the plaintiff dismissed a previous action; (2) the plaintiff then commenced a second action that is

based upon or includes the same the same claim against the same defendant; and (3) the

defendant incurred costs in the prior action that will not be useful in the newly-filed litigation.

*Groom v. Bank of Am.*, No. 8:08-CV-2567-T-27EAJ, 2010 WL 627564, at *5 (M.D. Fla. Feb. 23,

2010) (citation omitted).  No showing of bad faith on the part of the plaintiff is required to

recover costs under the rule.  *Id.*  "Rather, in determining whether an award of costs is

appropriate, courts look to whether a plaintiff's conduct satisfies the requirements of Rule 41(d) and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Id.*

As numerous courts in this Circuit have held, Rule 41(d) allows for awards of attorneys' fees. *See Wolf v. Pac Nat'l Bank, N.A.*, No. 09-21531-CIV, 2010 WL 1462298, at *3 (S.D. Fla. Mar. 18, 2010), *report and recommendation adopted*, 2010 WL 1489995 (S.D. Fla. Apr. 13, 2010); *Reserve Place, LLC v. Regions Bank*, No. 3:10-CV-0364 RS-MD, 2010 WL 4854542, at *1 (N.D. Fla. Nov. 23, 2010); *Shaker Vill. Condo. Ass'n v. Certain Underwriters at Lloyd's*, No. 08-61935-CIV, 2009 WL 2835185, at *4 (S.D. Fla. Sept. 1, 2009); *Moss v. Saks Fifth Ave.*, No. 2:06CV668 FTM29SPC, 2007 WL 1141510, at *3 n.1 (M.D. Fla. Apr. 17, 2007); *Cadle Co. v. Beury*, 242 F.R.D. 695, 697-99 (S.D. Ga. 2007).

Moreover, Rule 41(d) applies where the second action is brought in state court. *See HControl Holdings, LLC v. Bright House Networks, LLC*, No. 8:13-CV-39-T-AAS, 2017 WL 625314, at *2 (M.D. Fla. Feb. 15, 2017) (citing cases).

## ARGUMENT

Rule 41(d) is an essential safeguard for the foundational purpose of the Federal Rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). To that end, Rule 41(d) "deter[s] plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expenses and judicial resources." *Cadle Co.*, 242 F.R.D. at 698; *see also HControl Holdings*, 2017 WL 625314, at *2 (quoting *Groom*, 2010 WL 627564, at *1). That core purpose is squarely implicated here:  HS3

brought his lawsuit in this Court, and forced the defendants to litigate for months.  Then, when his prospects began to dim here, he opportunistically dismissed his case and refiled his lawsuit elsewhere.  As a result, Mr. Hall (and this Court) spent considerable time and resources for naught.

Given that this case falls within the heartland of Rule 41(d)'s purposes, it is unsurprising that all three elements of the test used by district courts in this Circuit are met in this case.

*First*, HS3 voluntarily dismissed the SAC in this case on June 4, 2018.  ECF No. 196. That satisfies the first element of the test.

*Second*, there can be no serious dispute that the HS3's state-court lawsuit is "based upon or includ[es] the same claim against the same defendant."  Fed. R. Civ. P. 41(d); *Groom*, 2010 WL 627564, at *5.  The SAC contained two claims against Mr. Hall:  conspiracy to violate the CFAA and civil conspiracy under Florida law.  *See* ECF No. 93, Counts II & VIII.  HS3's State Action drops the CFAA conspiracy claim, but continues to assert civil conspiracy against Mr. Hall.  *See* Ex. A, Count IV.  The factual allegations in the two complaints are also substantially the same.  *See Russell-Brown v. Jerry, II*, 270 F.R.D. 654, 660 (N.D. Fla. 2010) ("mere addition of a defendant or a new claim or two does not prevent the application of Rule 41(d) so long as there are claims in the new case that arise from the same nucleus of operative facts such that the new case can be said to be 'based on or including' previously brought and dismissed claims").

*Third*, Mr. Hall "incurred costs in the prior action that will not be useful in the newly-filed litigation" in state court.  *Groom*, 2010 WL 627564, at *5.  Those wasted costs include (but are not limited to) the following categories:

**Discovery and Other Procedural Work.**  Mr. Hall's counsel devoted significant time to case scheduling, protective order negotiations, discovery disputes, and other procedural issues

that are not useful in the State Action. This includes considerable fees associated with moving to quash HS3's facially overbroad subpoena to Burford Capital LLC, which was issued in this case and then mooted by HS3's voluntary dismissal. None of this work can be "recycled" for the purposes of the state-court proceedings, and these costs are the kinds of plainly "duplicative legal expenses" for which Rule 41(d) is intended to compensate defendants litigating the same case twice. *See Saunders v. Eslinger*, No. 6:11-CV-1591-31KRS, 2012 WL 6212882, at *3 (M.D. Fla. Dec. 13, 2012) ("Defendants . . . should not be forced to incur duplicative legal expenses.").

**Motion to Dismiss Briefing and Argument.** Mr. Hall incurred substantial costs and attorneys' fees litigating the motion to dismiss HS3's SAC. Much of that work will be wasted effort. As this Court recognized, because of the difference between the procedures and pleading standards in state court, Mr. Hall "cannot simply copy and paste its arguments in the state court motion." *Wolf*, 2010 WL 1462298, at *5.

**Litigation over the CFAA.** Because HS3 dropped his claims based on the CFAA in the State Action, the considerable fees incurred defending against that claim in the Federal Action will be useless in HS3's State Action. *See Garza v. Citigroup Inc.*, 311 F.R.D. 111, 115-16 (D. Del. 2015) ("These claims, as well as numerous factual allegations previously asserted by plaintiff, have all been dropped from the present suit and, therefore, such work has little value in this action."), *aff'd*, 881 F.3d 277 (3d Cir. 2018); *Nielson v. Union Bank of California, N.A.*, No. CV0206942MMMCWX, 2003 WL 27374136, at *4 (C.D. Cal. Mar. 31, 2003) (awarding costs for research and preparation of arguments related to breach of contract claim not brought in second action).

For the foregoing reasons, Mr. Hall respectfully requests that the Court grant his motion for a determination that he is entitled to an award of the attorneys' fees and costs he incurred in

CRITICAL

the Federal Action under Rule 41(d).  As is accepted practice in this District, upon that

determination being made, Mr. Hall intends to submit a further motion for approval of the

appropriate quantum of costs to be awarded.  *See, e.g.*, *NF Imp. & Exp., Inc. v. VIA Mat Int'l AG*,

No. 11-23371-CIV, 2012 WL 13013078, at \*3, \*6 (S.D. Fla. Aug. 3, 2012), *report and*

*recommendation adopted*, 2012 WL 13013236 (S.D. Fla. Sept. 25, 2012); *HControl Holdings*,

2017 WL 625314, at \*1.[1]  Mr. Hall believes this practice is consistent with the Local Rules.

However, for avoidance of doubt, to the extent a motion to bifurcate may be required under the

Local Rules, Mr. Hall moves for such relief herein.[2]

## CONCLUSION

For the foregoing reasons, Mr. Hall requests a determination that Mr. Hall is entitled to

costs, including attorneys' fees, associated with work in this Federal Action that will not be

useful in defending against HS3's State Action, and all other relief the Court deems just,

equitable, and proper.

---

[1] Mr. Hall anticipates that HS3 may argue that Mr. Hall's complaint in *Hall v. Sargeant*, No. 18-cv-80748-BLOOM/Reinhart (S.D. Fla. filed June 8, 2018), undermines his entitlement to costs.  Not so.  Entitlement to costs under Rule 41(d) is triggered by the successive lawsuits filed by HS3; nothing in the Rule's language suggests that Mr. Hall's lawsuit is relevant.  Even if it were, the relevance of Mr. Hall's own lawsuit is more appropriately addressed when the Court addresses the amount of costs.

[2] Local Rule 7.3 permits a party seeking "an award of attorneys fees and/or non-taxable expenses and costs *arising from the entry of a final judgment or order*" to file a motion "to determine entitlement prior to submission on the issue of amount."  S.D. Fla. L.R. 7.3(a) (emphasis added).  But Local Rule 7.3 does not apply here, because a motion for attorneys' fees under Rule 41(d) does not arise out of a final judgment or order; rather, it arises from the plaintiff's subsequent refiling of a substantially similar lawsuit against the same defendant in another forum.  In any event, bifurcation is warranted here.  It would serve the interests of expedition and economy for both the parties and the Court by permitting the Court to address the threshold issue of entitlement before requiring the parties to make submissions regarding – and the Court to address – the appropriate quantum of costs.

## CERTIFICATE PURSUANT TO S.D. FLA. L.R. 7.1(a)(3)

I HEREBY CERTIFY that on August 2, 2018, Defendant's counsel conferred with Plaintiff's counsel in a good-faith effort to resolve by agreement the issues raised in this motion, and Plaintiff's counsel did not consent to the requested relief.

Dated:  August 3, 2018

Respectfully submitted,

/s/ Armando Cordoves, Jr.
Samuel A. Danon (FBN 892671)
Armando Cordoves, Jr. (FBN 112425)
**HUNTON ANDREWS KURTH LLP**
Sabadell Financial Center
1111 Brickell Ave, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2510
Facsimile: (305) 810-2460
sdanon@huntonak.com
acordoves@huntonak.com

Derek T. Ho (*pro hac vice*)
Andrew E. Goldsmith (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
dho@kellogghansen.com
agoldsmith@kellogghansen.com

*Attorneys for Defendant Daniel Hall*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

electronically via the CM/ECF system this 3rd day of August, 2018.

/s/ Armando Cordoves, Jr.